UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

WILLIAM A. MALONE,

    Plaintiff,

          v.

CHARLES DINTLEMAN, TERESA KISRO
and WHAL,

    Defendants.

Case No. 13-cv-125-JPG-PMF

**MEMORANDUM AND ORDER**

This matter comes before the Court on Magistrate Judge Philip M. Frazier's Report and Recommendation ("R & R") (Doc. 25) wherein he recommends this Court dismiss this case for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  Malone has filed an objection (Doc. 26).

This Court allowed Malone to proceed without prepayment of fees (Doc. 6).  On April 29, 2013, the Court entered an order assessing Malone an initial partial filing fee of $82.27 pursuant to 28 U.S.C. § 1915(b)(1) (Doc. 13).  Malone failed to pay any portion of this fee.  On May 20, 2013, Judge Frazier ordered Malone to show cause by June 7, 2013, why this case should not be dismissed for failure to pay the initial partial filing fee (Doc. 22).  Malone failed to respond to Judge Frazier's show cause order.  Accordingly, on June 19, 2013, Judge Frazier recommended this Court dismiss Malone's case for failure to prosecute.  On June 21, 2013, Malone filed his objection (Doc. 26) insisting he is indigent and without the funds to pay the partial filing fee.

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3).  The Court must review *de novo* the portions of the report to which objections are made. The Court has discretion to conduct a new hearing and may consider the record before the

magistrate judge anew or receive any further evidence deemed necessary. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). Because Malone has filed an objection, the Court will review this matter *de novo*.

The Court calculated Malone's filing fee in this case after considering the average monthly balance or deposits in Malone's account for the six-month period immediately preceding the filing of the complaint. Malone began that period with a balance of $1,541.47. He then spent the vast majority of that balance on commissary purchases, books, the library, postage and gifts, twice sending substantial amounts of money to his fiancée ($200.00 and $800.00), leaving him with a little less than $5.00 in his account when he filed this lawsuit. The Court further notes that Malone received $10.00 per month for his prison job during that six-month period.

It is clear that within the six months before Malone filed this suit, he was capable of paying $82.27 to the Court. The Court further takes judicial notice of the fact that Malone's trust fund account statement filed in one of the cases severed from his original case (Case No. 13-cv-128-JPG-PMF; Doc. 14) reflects that he has received more than $300.00 in pay and other deposits since filing this case.[1] That Malone made the financial decision to spend his money or to send it to a friend and not to save it to pay for this lawsuit is a decision Malone must live with. If a prisoner's account received ample funds to pay the required fee at the required time but he spent the money on other things, the prisoner's case can be dismissed for noncompliance with 28 U.S.C. § 1915(b)(1). *See Robbins v. Switzer*, 104 F.3d 895, 898 (7th Cir. 1997). "Requiring prisoners to make economic decisions about filing lawsuits does not deny access to the courts; it merely

---

[1] The Court notes that a $30.00 deposit into Malone's account came from the fiancée to whom Malone had previously sent $1,000.00. While this suggests the fiancée may be holding Malone's money for him in an effort to skirt the filing fee payment requirements, the Court declines to make such a finding at this time in light of the other evidence showing Malone had the ability to pay the initial partial filing fee in this case.

2

places the indigent prisoner in a position similar to that faced by those whose basic costs of living are not paid by the state." *Roller v. Gunn*, 107 F.3d 227, 233 (4th Cir. 1997), *quoted in Miller v. Hardy*, 497 Fed. App'x 618, 621 (7th Cir. 2012).

Accordingly, because Malone failed to respond to Judge Frazier's show cause order, the Court **ADOPTS** Judge Frazier's R & R (Doc. 25) and **DISMISSES** this case for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  Alternatively, because Malone has not paid the initial partial filing fee as ordered by the Court when he had the ability to do so, the Court **DISMISSES** this case and **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:**   July 31, 2013

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
